# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:10-CR-414 |
| vs. | MEMORANDUM AND ORDER |
| JOSHUA Z. DORTCH, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motions to vacate under 28 U.S.C. § 2255 filed by the defendant, Joshua Z. Dortch. Filing 82; filing 83. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be

summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged in 2010 with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Filing 1. He pled guilty. Filing 16; filing 18. He was sentenced to 65 months' imprisonment, to be followed by 3 years' supervised release. Filing 40. He was initially sentenced on June 14, 2011, *see* filing 29, but after some post-sentencing motions the operative amended judgment was entered on July 25, 2013. *See* filing 39. The defendant has now filed two motions styled as "2255 petition[s]": one filed April 3, 2018 (filing 82), and the other filed April 9 (filing 83).

## DISCUSSION

The initial question is whether the defendant's purported § 2255 motions are timely. Generally, a § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). And "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). The defendant's motions were both filed far more than a year after his conviction became final. They are barred by the statute of limitations.

But beyond that, the defendant's allegations do not support relief under § 2255. Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. *United States v. Sun Bear*, 644 F.3d 700, 704 (8th Cir. 2011). The statute provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(a). It provides a remedy for jurisdictional and constitutional errors, none of which are at issue here. *See id.*

Instead, the defendant complains that he is being held without bail in Lancaster County "on the pretext that [he was] allegedly involved in a robbery . . . ." Filing 82 at 3. But nothing about that suggests that he is in custody under a federal sentence, or that his federal conviction or sentence were unlawfully imposed. Even a federal detainer—if there is one—does not establish a ground for relief under § 2255. *See Shigemura v. United States*, 726 F.2d 380, 381 (8th Cir. 1984). Simply put, the fact that the defendant is being held in state custody provides no basis for a collateral attack on his federal conviction or sentence.

For the sake of completeness, the Court notes that even if the defendant's petition is construed under the provisions of 28 U.S.C. § 2241(c)(3), "[p]ublic policy and 28 U.S.C. § 2283 discourage federal court

interference with state court proceedings." *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). "The principle of comity is an even more vital consideration reinforcing the doctrine of restraining federal intervention on the principle of an inadequate equitable basis for relief." *Bonner v. Circuit Court of City of St. Louis, Mo.*, 526 F.2d 1331, 1336 (8th Cir. 1975) (quotation omitted). Accordingly, before a federal court may review the defendant's claims, he must have exhausted his available state remedies. *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The Court is obligated to abstain from the exercise of habeas jurisdiction if the issues raised may be resolved either by trial on the merits in the state court or by other state procedures available to the defendant. *Id.*

The "practical effect" of these requirements is that habeas review of dispositive claims is not attainable prior to the state trial. *Id.* And even nondispositive claims must be exhausted by pretrial presentment to the state court. *See id.* The defendant here has done none of those things. And while at some point the failure of a state court to provide a state forum for resolution of a claim may warrant federal intervention, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-93 (1973), the defendant has not alleged anything even remotely approaching that point.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motions will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must

demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motions to vacate under 28 U.S.C. § 2255 (filing 82; filing 83) are denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk of the Court shall send a copy of this order to the defendant at his last known address.

Dated this 18th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge